Keith R. Gillette (Bar No. 191082)
kgillette@archernorris.com
Chad D. Greeson (251928)
cgreeson@archernorris.com
ARCHER NORRIS
2033 North Main Street, Suite 800
Walnut Creek, CA  94596-3759
Telephone:     925.930.6600
Facsimile:      925.930.6620

Attorneys for Plaintiff/Counter-Defendant LAYER2 COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAYER2 COMMUNICATIONS, INC., | Case No.  Case No.  4:13 cv 02131 DMR |
| Plaintiff, | **STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |
| v. | |
| FLEXERA SOFTWARE, LLC, | Action Filed:  May 8, 2013 |
| Defendant. | |
| _____ | |
| AND RELATED COUNTER-CLAIM | |

### 1.    PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

### 2.    COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

### 3.    LIAISON

The parties have identified liaisons to each other who are and will be knowledgeable

about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter.  The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4.    PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.  To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a)   The parties will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

b)   The parties will agree on the number of custodians per party for whom ESI will be preserved;

c)   The parties will exchange a list of data sources that may contain potentially relevant information but that are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) to the extent such data sources exist.  These data sources include back-up media systems or systems no longer in use that cannot be accessed.  ESI from these sources will be preserved but not searched, reviewed, or produced;

d)   In addition to the agreements above, the parties may agree that data from certain sources (a) could contain relevant information but (b) under the proportionality factors, should not be preserved.

**5.    SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**6.    PRODUCTION FORMATS**

The parties agree to produce documents in single-page PDF and/or TIFF file format, organized at the document level and produced with a delimited data file that contains the document boundaries.  The parties expressly reserve the right to request the production of meta-

L0217001/1645123-1  2  4:13 CV 02131 DMR
STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED

1  data and/or production of the native file.  If particular documents warrant a different format, the
2  parties will cooperate to arrange for the mutually acceptable production of such documents.  The
3  parties agree not to degrade the searchability of documents as part of the document production
4  process.  No party has an obligation to make its production text-searchable; however, if a party's
5  documents already exist in text-searchable format independent of this litigation, or are converted
6  to text-searchable format for use in this litigation, including for use by the producing party's
7  counsel, then such documents shall be produced in the same text-searchable format at no cost to
8  the receiving party.

**7.     DOCUMENTS PROTECTED FROM DISCOVERY**

a)   Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b)   Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

**8.     MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

IT IS SO STIPULATED, through Counsel of Record.

[**Signatures on the Following Page**]

/ / /

/ / /

/ / /

/ / /

/ / /

Dated: August 26, 2013            ARCHER NORRIS

*/s/ Chad D. Greeson*
Chad D. Greeson
ARCHER NORRIS
2033 North Main Street, Suite 800
Walnut Creek CA 94596-3759
Telephone: 925.930.6600
*Attorneys for Plaintiff/Counter Defendant*
LAYER2 COMMUNICATIONS, INC

Dated: August 26, 2013            BARNES & THORNBURG

*/s/ David W. Nelson*
David W. Nelson
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

*Attorneys for Defendant/Counter-Claimant*
FLEXERA SOFTWARE, LLC.

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: August 28, 2013

UNITED STATES DISTRICT/MAGISTRATE JUDGE

*Judge Donna M. Ryu*

L0217001/1645123-1      4      4:13 CV 02131 DMR
STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED