United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAYER2 COMMUNICATIONS INC, <br><br> Plaintiff(s), <br><br> v. <br><br> FLEXERA SOFTWARE LLC, <br><br> Defendant(s). <br> _____/ | No. C-13-02131 DMR <br><br> **ORDER RE: DISCOVERY LETTER [DOCKET NO. 96]** |

Before the court is a discovery letter filed by Plaintiff and Counterclaim Defendant Layer2 Communications, Inc. ("Layer2") and third party CenturyTel Long Distance, LLC ("CTLD") [Docket No. 96]. The court finds the letter appropriate for resolution without oral argument pursuant to Civil L.R. 7-1(b). The motion is **denied**, as discussed below.

## I. BACKGROUND

**A. Factual Background**

The background of this case has been summarized elsewhere. *See, e.g.*, Docket No. 67. In brief, from 2010 until 2013, Layer2 provided internet and VPLS services to Flexera pursuant to a contract between the parties. Their contract permitted Flexera to receive service credits for service outages of certain types and durations, and to terminate the contract early if Flexera acquired a certain amount of service credits. Flexera terminated the contract early, but Layer2 contends that

Flexera had not acquired the required amount of service credits to do so. Each party brings a breach of contract claim against the other.

**B. Procedural History**

The original cutoff date for fact discovery was March 11, 2014. [Docket No. 19.] The court later extended this date to May 13, 2014, and stated that "**[n]o further continuances will be granted by the Court absent extraordinary circumstances**." [Docket No. 44, emphasis in original.]

On April 17, 2014, Flexera filed a motion to disqualify Layer2's counsel. The motion to disqualify was set for a hearing on May 22, 2014. On May 14, 2014, the parties filed separate case management conference statements noting that the parties had stipulated (without the court's approval or intervention) that all depositions noticed by May 14, 2014 would be stayed and rescheduled for a date after hearing on the motion to disqualify, and that Flexera's amended responses to Layer2's interrogatories, requests for admissions ("RFAs"), and request for production of documents ("RFPs"), and any accompanying privilege logs, would be due within seven days of the hearing on the motion to disqualify. *See* Layer2's Case Management Statement [Docket No. 63], Flexera's Case Management Statement [Docket No. 64].

The parties also noted that "a dispute has also arisen between Layer2 and third-party Centurylink with respect to a subpoena for documents pertaining to Centurylink's service contract(s) with Flexera. Layer2 has demanded a voice-to-voice teleconference on or before May 15, 2014 to discuss Centurylink's failure to comply with the subpoena. In the event that a mutually acceptable compromise cannot be reached, judicial intervention may be required." *Id.*

The parties also requested that at the hearing on May 22, 2014, they discuss with the court dates for compliance with outstanding discovery between the parties and third-parties, and for briefing and hearing discovery motions. *Id.*

On May 22, 2014, the court held a hearing on the motion to disqualify as well as a case management conference. At the hearing, the court noted that fact discovery had ended and that the court would not extend the fact discovery deadline, with the exception of the outstanding discovery which the parties stipulated to complete. The court also stated that if discovery disputes were to

2

1 arise out of that discovery, the party moving for discovery would have to make a showing of good
2 cause for the court's consideration of the matter.

3 The court denied the motion to disqualify at the May 22 hearing, *see* Docket No. 65, and on
4 June 5, 2014 issued an order further explaining its decision to deny the motion to disqualify.  Docket
5 No. 67.

**II. DISCUSSION**

7 On April 11, 2014, Layer2 served (1) CTLD with a subpoena for the production of
8 documents, (2) CenturyTel of Eastern Oregon, Inc. ("CTEO") with a subpoena for the deposition of
9 its person most knowledgeable, and (3) Larry Kampwirth, apparently an account manager with
10 either CTEO or CTLD, with a deposition subpoena.

11 On April 23, 2014, Layer2 agreed to extend the time for production of documents to April
12 29, 2014, and the deposition dates to May 5, 2014.  On May 1, 2014, Layer2 agreed to reschedule
13 the depositions for May 12, 2014.  On May 6, 2014, CTLD provided objections to the documents
14 subpoena and did not produce documents, so Layer2 decided not to proceed with either deposition.
15 Layer2 and CTLD met and conferred about the documents subpoena on May 16 and June 17, 2014,
16 and the deposition subpoenas on May 27, June 10, and June 17, 2014.  On June 24, 2014, Layer2
17 and CTLD filed the joint discovery letter currently before the court.  The deposition subpoenas are
18 the subject of a motion to quash currently before the Northern District of Illinois.

19 The fundamental problem with this discovery letter is that it was filed 42 days after the fact
20 discovery cutoff.  Under Civil Local Rule 37-3, "no motions to compel fact discovery may be filed
21 more than 7 days after the fact discovery is cut-off."  Furthermore, "[d]iscovery requests that call for
22 responses or depositions after the applicable discovery cut-off are not enforceable, except by order
23 of the Court for good cause show."  Civ. L.R. 37-3.  *See also* Fed. R. Civ. P. 16(b) ("A [case]
24 schedule may be modified only for good cause and with the judge's consent."); *Johnson v.*
25 *Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (a party who requests leave to amend
26 after the date specified in the initial scheduling order must demonstrate that there is some "good
27 cause" why the court should not adhere to the dates specified in the scheduling order) (citing Fed. R.
28

Civ. P. 16(b)). The "good cause" inquiry focuses on the diligence of the party seeking amendment. *Johnson,* 975 F.2d at 609.

Here, the parties noted in their May 14, 2014 case management statements that a discovery dispute between Layer2 and CTLD was brewing, and could require judicial intervention. This dispute was not part of the parties' agreement to stay discovery. That stipulation related only to Layer2's previously-scheduled depositions of Flexera's witnesses, and Flexera's responses to Layer2's written discovery requests. Thus, under the local rules, Layer2 was required to move to compel the discovery responses from CTLD within 7 days of May 13, 2014. It failed to do so, and thus is required to show good cause for the court's intervention at this time.

Layer2 contends that good cause exists because "[CTLD] led Layer2 to believe that it would produce the subpoenaed witnesses and documents after the hearing on Flexera's motion to disqualify without judicial intervention," but refused to do so after the court's statements at the May 22, 2014 hearing that fact discovery was closed. Letter at 4. Even so, this does not explain the 33 days between the May 22 hearing and the date this letter was filed. Layer2 has failed to demonstrate its diligence in bringing this letter, and thus has failed to show good cause for the court to consider the letter.

For the foregoing reasons, the letter is **denied**.

IT IS SO ORDERED.

Dated: August 1, 2014




DONNA M. RYU
United States Magistrate Judge

4